**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crossfirst Bank, et al., | No. CV-18-01637-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Vieste SPE LLC, et al., | |
| Defendants. | |

Plaintiffs bring this putative class action relating to their purchase of $28,935,000 in industrial development bonds ("Bonds") described in Defendants' Official Statement ("OS") dated April 17, 2013. The relevant factual background can be found in the Court's December 18, 2018 order, in which the Court dismissed Plaintiffs' Arizona Securities Act ("ASA") claims but allowed them to file a motion for leave to amend.

Before the Court is Plaintiffs' motion for leave to file a second amended complaint ("SAC") (Doc. 89), which is fully briefed (Docs. 100-104, 110). For the following reasons, the motion is granted.[1]

**I. Legal Standard**

Leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). When assessing the propriety of a motion for leave to amend, the court considers

---

[1] Oral argument is denied because the motions are adequately briefed and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

factors such as: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## II. Discussion

Plaintiffs filed their SAC in accordance with the Court's prior order. The Court finds no evidence that leave is sought in bad faith or that further amendment would unduly prejudice Defendants. Defendants instead argue that the proposed amendments are futile and unduly delayed.

### A. ASA Claims

Plaintiffs' proposed SAC includes the previously dismissed ASA claims. Plaintiffs do not allege new facts that change the Court's previous determination that the ASA claims are time-barred, nor have Plaintiffs properly sought reconsideration of that prior order. However, "it is the law of this circuit that a plaintiff waives all claims in the alleged dismissed complaint which are not realleged in an amended complaint . . . If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012) (internal citation omitted). Accordingly, although Plaintiffs will not be permitted to proceed with the ASA claims, the Court will not strike the allegations from the SAC because Plaintiffs must include them to preserve rights on appeal.

### B. Futility of Common Law Claims

#### 1. Fraud

Defendants argue that Plaintiffs' proposed fraud claim is futile because it is barred by the three-year statute of limitations. A.R.S. § 12-543(3). The Court disagrees. Plaintiffs fraud claim arises from Defendants' production of the OS and the alleged misstatements and omissions contained therein. These allegations also were the basis for Plaintiffs' ASA

claims. In its prior order, the Court determined that Plaintiffs were on notice of possible misstatements and omissions in the OS by no later than July 24, 2015. By then, Plaintiffs would have known enough to investigate the alleged fraud. Plaintiffs filed this action within three years of that time, and the allegations in their proposed SAC relate back to that initial filing. *See* Fed. R. Civ. P. 15(c)(1)(B).

Defendants also argue that Plaintiffs have not plead fraud with the requisite specificity. *See* Fed. R. Civ. P. 9(b). For purposes of granting leave to amend, the Court finds Plaintiffs have pled fraud with enough specificity. Plaintiffs claim that Vieste and the Underwriters "participated in the preparation of the Official Statement by reviewing it, commenting on it, and contributing information to it prior to its issuance." (Doc. 89-1 at ¶¶ 203-14.) Plaintiffs allege that "[s]tatements in the Official Statement concerning the viability of the MRF Project and the degree of risk for the Bonds were false, *as alleged above*." (*Id.* at 36) (emphasis added). The "above" statements are factual allegations concerning various specific misstatements and omissions allegedly made by Defendants. These include, for example, that "[c]ontrary to [OS statements] Phase 1 had not been designed at the time the Official Statement was issued . . ." and "[c]ontrary to the representations in the Official Statement, only once Phase 2 was constructed and a power purchaser was identified could the combined facility be successful. The Official Statement omits these facts." (*Id.* at 16-17). Many other allegations contained in pages 11 through 30 of the proposed SAC provide enough detail about the facts and circumstances constituting the alleged fraud, and Plaintiffs have sufficiently identified the roles of Defendants in the fraudulent scheme. Amendment therefore would not be futile.

### 2. Aiding and Abetting Fraud

Plaintiffs seek to add an aiding and abetting fraud claim against the Underwriters and the Law Firm Defendants. The Underwriters and Law Firm Defendants argue that the claim is futile because the predicate fraud claim is futile and because Plaintiffs failed to allege the required scienter. The Court disagrees. First, because the Court has found Plaintiffs' proposed fraud claim is not futile, their proposed aiding and abetting claim does

1  not fail for want of a predicate tort.  Second, drawing all inferences in favor of granting the
2  motion, Plaintiffs have alleged enough facts indicating that the Underwriters and Law
3  Firms knew of the fraudulent conduct.
4        The Law Firm Defendants further contend that the aiding and abetting claim is
5  barred by the statute of limitations.  Although Plaintiffs knew something about Defendants'
6  alleged misconduct as early as December 2014, the Court previously noted that Plaintiffs
7  knew enough about the alleged misconduct by no later than July 24, 2015, such that the
8  limitations period began to accrue.  Given the liberal policy favoring amendment, the Court
9  adopts this later date for purposes of the present motion.  Plaintiffs' proposed aiding and
10 abetting fraud claim therefore is not futile.

### 3. Negligent Misrepresentation

Plaintiffs seek to add a claim for negligent misrepresentation against all Defendants based on their respective participation in the creation of the OS.  All Defendants argue that these claims are futile because they are barred by the two-year statute of limitations.  *See Hullett v. Cousin*, 63 P.3d 1029, 1034 (Ariz. Ct. App. 2003).  The Court finds that the negligent misrepresentation claims are not futile both because application of the discovery rule requires factual determinations, and because of the liberal policy favoring amendment.

Accrual of a negligent misrepresentation claim follows the "discovery rule," under which "a cause of action does not 'accrue' until a plaintiff discovers or by the exercise of reasonable diligence should have discovered that he or she has been injured by the defendant's negligent conduct." *Coulter v. Grant Thornton, LLP*, 388 P.3d 834, 838 (Ariz. Ct. App. 2017).  However, "it is not enough that a plaintiff comprehends a 'what'; there must also be a reason to connect the 'what' to a particular 'who' in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault."  *Walk v. Ring*, 44 P.3d 990, 996 (Ariz. 2002).  This is a fact-intensive inquiry.  *See id*. at 998.  Although Plaintiffs were on notice of the alleged misstatements and omission no later than July 24, 2015, it is possible that factual development will show Plaintiffs could not reasonably connect the default in the Bonds (the "what") to the alleged negligent

conduct of Defendants (the "who") until *after* April 27, 2016.

The Law Firm and Sims Defendants contend that the negligent representation claims against them are futile because Plaintiffs do not allege the required elements. Fundamentally, Defendants argue that the Plaintiffs do not allege that the Law Firm and Sims Defendants breached a cognizable duty to Plaintiffs in not conducting a feasibility study. The Law Firm and Sims Defendants also argue that Plaintiffs did not rely and were not damaged by attorney Lynch's failure to be licensed in Arizona. The Court finds that Plaintiffs claims are not futile because the allegations can be traced to the Plaintiffs' fundamental complaint that Defendants participated in the negligent drafting of the OS.

Plaintiffs' claim rests on the theory that the Law Firm and Sims Defendants had a duty to disclose and not negligently omit relevant facts when participating in the production of the OS. Plaintiffs do not allege that the Law Firm and Sims Defendants had a duty to commission their own independent feasibility study, but rather that when an independent study was not done, the Law Firm and Sims Defendants negligently misrepresented in the OS that one had been conducted. Plaintiffs contend that attorney Lynch's lack of a law license in Arizona is part of Defendants' overall mishandling of the OS preparation.

The Law Firm Defendants further contend that the negligent representation claim is futile because expert testimony is required to show a lawyer's breach of the standard of care, and Plaintiffs certified in the SAC that they do not need expert testimony. *See* A.R.S. § 12-2602(D). In their reply, Plaintiffs ask the Court for leave to amend paragraph 172 of their complaint to state the need for an expert opinion. The Court will grant Plaintiffs permission to revise the SAC to state the need for an expert opinion before they file the final SAC.

**C. Undue Delay**

Finally, the Sims Defendants argue that the Court should deny Plaintiffs' motion because the common law claims could have been raised earlier. But "undue delay by itself . . . is insufficient to justify denying a motion to amend," *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999), and the Court does not find that Defendants will be prejudiced by the

proposed SAC. The parties have not yet conducted discovery and, because the additional claims emerge largely from the same factual background as the original ASA claims, Defendants need not take an entirely new course of defense in addressing them.

**IT IS ORDERED** that Plaintiffs' motion for leave to file a second amended complaint (Doc. 89) is **GRANTED** as explained herein. Plaintiffs shall file their SAC within **7 days** of the date of this order.

Dated this 30th day of September, 2019.

Douglas L. Rayes
United States District Judge