**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Crossfirst Bank, et al., | No. CV-18-01637-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. |  |
| Vieste SPE LLC, et al., |  |
| Defendants. |  |

This case began as a putative class action alleging Arizona Securities Act ("ASA") violations, but after the Court determined that the ASA claims were time-barred, Plaintiffs amended their complaint to state non-class common law claims for fraud, negligent misrepresentation, and aiding and abetting fraud. (Docs. 27, 85, 89, 112.) Plaintiffs now seek permission to further amend their complaint to allege these common law claims on behalf of a putative class based on a fraud-on-the-market theory. (Doc. 122.) The Court liberally gives permission to amend but need not do so when the proposed amendment is futile or would be subject to dismissal. Fed. R. Civ. P. 15(a)(2); *Wheeler v. City of Santa Clara*, 894 F.3d 1059 (9th Cir. 2018). Defendants oppose Plaintiffs' motion, arguing principally that the proposed amendment is futile because Arizona does not apply fraud-on-the-market theory to common law claims.[1] (Docs. 127, 128, 129, 130, 131.) The Court agrees and will deny Plaintiffs' motion to amend.

---

[1] Some Defendants also argue that Plaintiffs unduly delayed seeking the amendment (Doc. 127 at 4-5), but the Court does not need to address that issue.

Under Arizona law, fraud and negligent misrepresentation claims require actual reliance. *See Dawson v. Withycombe*, 163 P.3d 1034, 1047 (Ariz. Ct. App. 2007) (fraud); *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 340 P.3d 405, 412 n.7 (Ariz. Ct. App. 2014) (negligent misrepresentation). In contrast, fraud-on-the-market theory—which originates from securities claims under § 10(b) and Rule 10b-5 of the Securities Exchange Act—presumes reliance "based on the hypothesis that, in an open and developed securities market, the price of a company's stock is determined by the available material information regarding the company and its business. Misleading statements will therefore defraud purchasers of stock even if the purchasers do not directly rely on the misstatements." *Peil v. Speiser*, 806 F.2d 1154, 1160 (3d Cir. 1986) (citation omitted). No Arizona or Ninth Circuit decision has applied a fraud-on-the-market presumption of reliance in place of actual reliance in cases of common law fraud or negligent misrepresentation.

Plaintiffs acknowledge as much but argue that the Court should allow their proposed amendment for two reasons: (1) some jurisdictions have applied fraud-on-the-market theory to common law claims arising from securities purchases on public markets, so whether Arizona recognizes such presumptive reliance is a question that should be certified to the Arizona Supreme Court; and (2) this issue is more appropriately resolved at the class certification stage. Neither argument is persuasive.

First, when confronted with an issue unresolved by controlling state or Ninth Circuit precedent, the Court has discretion either to certify the question to the state's highest court or to predict how that court would decide the issue by examining intermediate state appellate court decisions, decisions from other jurisdictions, and other sources, such as treatises and restatements. *See Smith v. Allstate Ins. Co.*, 202 F. Supp. 2d 1061, 1064 (D. Ariz. 2002). Here, there are no intermediate Arizona appellate decisions on point, but other available sources persuade the Court that Arizona would not extend fraud-on-the-market theory to common law claims.

Although some jurisdictions have chosen to extend fraud-on-the-market theory to common law claims arising from securities purchases, the "clear majority approach" is

that, "for common-law fraud and negligent misrepresentation claims, no presumption of reliance will do; actual reliance is required." Joseph C. Long, Michael J. Kaufman, John M. Wunderlich, 12A Blue Sky Law § 9:42; 2 McLaughlin on Class Actions § 8:11 (16th ed. 2019) ("[T]he overwhelming majority of courts have rejected efforts of presumed reliance to common law or statutory fraud cases."); *Glassford v. Dufresne & Assocs., P.C.*, 124 A.3d 822, 830 n.7 (Vt. 2015) (observing that courts "have been firm in striking down the fraud-on-the-market theory for negligent misrepresentation and requiring, instead, actual reliance on the information by the aggrieved plaintiffs"). Consistent with this trend, at least three courts in this District have concluded that fraud-on-the-market theory does not apply to Arizona common law fraud and negligent misrepresentation claims. *See In re Allstate Life Ins. Co. Litig.*, 971 F. Supp. 2d 930, 946 (D. Ariz. 2013); *Hoexter v. Simmons*, 140 F.R.D. 416, 424 (D. Ariz. 1991); *Persky v. Turley*, Nos. CIV 88-1830-PHX-SMM, CIV 88-2089-PHX-SMM, 1991 WL 327434, at *10 (D. Ariz. Dec. 19, 1991).

The Court sees no compelling reason to deviate from this trend. Actual reliance has long been an element of common law fraud and negligent misrepresentation claims in Arizona. Moreover, in enacting the ASA the Arizona legislature has provided a more liberal remedy for victims of securities fraud that does not require the pleading or proof of actual reliance. *See Grand v. Nacchio*, 236 P.3d 398, 400-01 (Ariz. 2010); *Rose v. Dobras*, 624 P.2d 887, 892 (Ariz. Ct. App. 1981). Plaintiffs waited too long to avail themselves of the ASA's protections (Doc. 85), but that does not mean the Arizona Supreme Court would buck the majority approach and create exceptions to its common law rules for cases arising from securities purchases. *See, e.g., Mirkin v. Wasserman*, 858 P.2d 568, 584 (Cal. 1993) (refusing to extend fraud-on-the-market theory to claims for deceit and negligent misrepresentation, especially when federal and state securities laws provide a remedy to victimized investors that allows for presumed reliance).

Second, whether a fraud-on-the-market theory of presumed reliance applies to common law fraud and negligent misrepresentation claims is a legal question, and its answer will be the same regardless of the stage at which it is posed. There is no cogent

reason why the Court should allow Plaintiffs to amend their complaint, only to have this same issue arise in the context of a motion to dismiss or a brief opposing a motion for class certification. Such an approach is inconsistent with "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for leave to amend (Doc. 122) is **DENIED**. Defendants previously indicated that they would move to dismiss this action if the Court denied Plaintiffs' motion for leave to amend. Given this possibility, the parties are directed to confer and, concurrent with the filing of Defendants' responsive pleadings, notify the Court in writing whether it would be judicially economical to reset a Rule 16 case management conference at this juncture.

Dated this 5th day of March, 2020.

Douglas L. Rayes
United States District Judge