**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crossfirst Bank, et al., | No. CV-18-01637-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Vieste SPE LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion for leave to file a third amended complaint ("TAC") (Doc. 189), which is fully briefed (Docs. 196-200). For the following reasons, the motion is granted.[1]

**I. Background**

This action arises from Plaintiffs' purchase of $28,935,000 in industrial development bonds ("Bonds") described in Defendants' Official Statement ("OS") dated April 17, 2013. Originally, the complaint alleged Arizona Securities Act ("ASA") claims, which the Court dismissed, and Plaintiffs filed a second amended complaint that alleged common law fraud, aiding and abetting fraud, and negligent misrepresentation. (Docs. 1-1, 85, 112.) Although the original ASA claims were alleged as a class action, the common law claims added in the SAC were not so alleged. (Doc. 113.)

Plaintiffs then sought leave to file a third amended complaint, asserting the common

---

[1] Oral argument is denied because the motions are adequately briefed and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

law claims on behalf of a putative class based on a fraud-on-the-market theory. (Doc. 122.) The Court denied leave to amend because Arizona does not recognize the fraud-on-the-market theory of presumed reliance for common law fraud claims. (Doc. 137.)

Not long after, Defendants moved to dismiss the SAC. (Doc. 139.) The Court granted and denied the motion in part, ruling that individuals who purchased Bonds and actually read and relied on the OS have actionable common law claims. (Doc. 170.) Plaintiffs now seek leave to file a TAC to add two new individual plaintiffs under those actionable common law claims and pursue those claims on a class basis. (Doc. 189 at 2.)

**II. Legal Standard**

Leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). When assessing the propriety of a motion for leave to amend, the court considers factors such as "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing the so-called "*Foman* factors"). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**III. Discussion**

**A. The Class Action Basis**

Plaintiffs TAC asserts class action claims based on the common law fraud and negligent representation claims (Doc. 189-1). There is no bad faith or undue delay; Plaintiffs have sought to assert class action claims since the beginning of this lawsuit. Their delay is attributable to having to adjust based on adverse rulings from this Court. Of course, class action might expose Defendants to greater liability, but this does not count as prejudice. *In re Glacier* Bay, 746 F. Supp. 1379, 1391 (D. Alaska 1990). Besides, they have been on notice from the beginning that Plaintiffs sought to bring class action claims.

This weakens any argument for prejudice.

Now, as to futility. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997) (alteration in original) (*quoting Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)). This is, more or less, the Rule 12(b)(6) standard. *Aldan v. World Corp.*, 267 F.R.D. 346, 361 (D. N. Mar. I. 2010); *see, e.g.*, *Sweaney*, 119 F.3d at 1393.

Plaintiffs class action claims satisfy Rule 12(b)(6) and are thus not futile. Defendants would have this Court deny leave to add the class action allegations on the argument that Plaintiffs would fail class certification under Rule 23. But it is inappropriate to resolve the fitness of claims for class certification at this stage in the litigation. *Avina v. Patenaude & Felix*, APC, No. 20-CV-0166-BAS-MDD, 2021 WL 5990037, at *14 (S.D. Cal. Dec. 17, 2021) (ruling that a motion to dismiss under Rule 12(b)(6) is not the appropriate vehicle to attack the elements of class certification). Although district courts enjoy particularly broad discretion in denying leave to amend when a plaintiff has previously filed an amended complaint, *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013), on balance, the factors favor granting leave to amend to add class action claims.

### B. The Proposed Individual Plaintiffs

Plaintiffs seek leave to add two new plaintiffs under the fraud, aiding and abetting fraud, and negligent misrepresentation claims.

#### 1. Bad Faith & Undue Delay

Defendants argue that Plaintiffs, in bad faith, unduly delayed seeking to add new plaintiffs to the common law claims. The Court disagrees. The parties filed their required Rule 26(f) Joint Proposed Discovery Order on June 22, 2021, which, in relevant part, noted that

> Plaintiffs anticipate that Defendants' initial disclosure of documents and an early round of subpoenas to third parties will reveal additional parties in the bond transaction who are liable because they knew information demonstrating that there were

> misstatements in, and omissions from, the Official Statement. Furthermore, Plaintiffs anticipate it may be necessary to add more individual plaintiffs—bond purchasers who received and relied on the Official Statement—to the complaint.

(Doc. 188 at 4-5.) Just six days later, Plaintiffs filed the motion for leave to amend the complaint to add two individual plaintiffs (Doc. 189), and two days after that, the Court issued the Scheduling Order, which set the deadline to join parties for September 1, 2021 (Doc. 192 at 1). The Court sees no undue delay or bad faith in Plaintiff's attempt to join parties before the deadline imposed by the Scheduling Order.

### 2. Prejudice to the Opposing Party

Nor does the Court see prejudice here. Plaintiffs are not raising new individual claims; the two proposed plaintiffs assert the same claims as the others. The discovery process, though underway, is malleable, and to the extent discovery deadlines need amending, the parties may seek an extension as provided in the Scheduling Order. (Doc. 192.)

### 3. Futility

Even assuming, as Defendants argue, that Plaintiff seeks to add new plaintiffs outside the limitations period, the amendment is not futile because the new parties relate back to the filing of the original complaint. An amended complaint adding a new plaintiff relates back where "1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Lab. (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002) (quoting *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 935 (9th Cir. 1996).

The elements are satisfied here. The original complaint gave notice to Defendants of claims arising out of the purchase of bonds in reliance on the OS, which was allegedly drafted in part by Defendants. Defendants, while they have already answered the second amended complaint, are not unduly prejudiced by having to answer a third amended

complaint cabined to the same claims. Besides, as noted above, Defendants were on notice that Plaintiffs anticipated adding new claims, and the discovery deadlines may be extended as provided in the Scheduling Order. (Doc. 192.)

### 4. Previous Amendments

Plaintiffs have amended their complaint before. Nevertheless, the Court's Scheduling Order contemplated that the parties might join other parties before September 1, 2021. Thus, this factor, while it weighs against amendment, does so weakly.

### 5. Balancing the Factors

On balance, all but the fifth factor favor granting leave to amend, the Court finds it appropriate to allow Plaintiffs to add the new individual plaintiffs.

## IV. Conclusion

For both the class allegations and the two new individual plaintiffs, the *Foman* factors counsel toward granting leave to amend. Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend (Doc. 189) is **GRANTED**. Plaintiffs shall file their Third Amended Complaint no later than **7 days** from the issuance of this order.

Dated this 17th day of February, 2022.

Douglas L. Rayes
United States District Judge