**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crossfirst Bank, et al., | No. CV-18-01637-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Vieste SPE LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion for class certification, which Defendants have uniformly opposed in responsive briefing. (Docs. 231, 245, 246, 250, 251, 261.) The Court denies the motion.

This action arises from Plaintiffs' purchase of $28,935,000 in industrial development bonds ("Bonds") described in Defendants' Official Statement dated April 17, 2013. The operative complaint alleges aiding and abetting fraud, negligent misrepresentation, and common law fraud claims and makes class action allegations.[1]

A plaintiff seeking class certification bears the burden to prove the prerequisites to certifying a class:

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc. . . . [S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that

---

[1] The operative complaint also restates other, dismissed claims "to preserve them for appeal." (Doc. 209 at 28.)

1
2

> certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.

3

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quotation marks and

4

citations omitted). "[P]laintiffs must prove the facts necessary to carry the burden of

5

establishing that the prerequisites of Rule 23 are satisfied by a preponderance of the

6

evidence." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651,

7

665 (9th Cir. 2022).

8

Among other things, a party must prove "numerosity," that is, that a putative class

9

is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). The

10

numerosity requirement is satisfied when the putative class consists of at least 40 members.

11

*Ely v. Saul*, 572 F. Supp. 3d 751, 771 (D. Ariz. 2020).

12

Plaintiffs here "believe" that the putative class consists of over 200 members (Doc.

13

231 at 4; *see* Doc. 261 at 5-6), which they will "easily ascertain[ from] Defendants' own

14

records in addition to other documents from the bond sale" (Doc. 231 at 8). Yet the deadline

15

to conduct class certification discovery has passed (Doc. 243), and Plaintiffs—with several

16

thousand of Defendants' documents in hand—have offered no evidence to support their

17

numerosity argument. On the contrary, the evidence suggests otherwise. The Lawson

18

Defendants introduced evidence that there were only seven purchasers of the Bonds. (Doc.

19

245-1 at 24.) And the Vieste Defendants and Sims Defendants both identified deposition

20

testimony wherein the named Plaintiffs admitted they didn't know how many putative class

21

members there were. (Docs. 246-1 at 6; 246-3 at 13; 246-4 at 8; 250 at 5.)

22

Plaintiffs argue that they need not produce evidence in support of their numerosity

23

argument as that would require inappropriately broaching the merits of the claims. (Doc.

24

261 at 5.) But class-certification analysis may "entail some overlap with the merits of the

25

plaintiff's underlying claim." *Dukes*, 564 U.S. at 351, and the Court may consider merits

26

questions to the extent they touch upon the Rule 23 prerequisites, *Amgen Inc. v.*

27

*Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

28

Plaintiffs also claim that it's "simply too early for defendants to argue, let alone

1    prevail, that evidence supporting Plaintiffs' claims is lacking." (Doc. 261 at 5.) But

2    Plaintiffs conducted class-certification discovery and benefited from two extensions of

3    time to complete it. The time is ripe for Defendants to argue that Plaintiffs have not

4    produced any evidence to support its numerosity argument.

5          Finally, Plaintiffs argue that "general knowledge and common sense indicate that

6    [the class] is large." (Doc. 231 at 3 (citing *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 256

7    (C.D. Cal. 2008)). This is unavailing. For starters, the full quote in *Perez* notes that general

8    knowledge and common sense might be useful "where the *exact* size of the class is

9    unknown." 248 F.R.D. at 256 (emphasis added). The issue here isn't one of exactitude—

10   it's one of magnitude, with a yawning gap between an evidentiarily established putative

11   class size of 7 compared to Plaintiffs' speculated putative class size of 200. More

12   importantly, if general knowledge and common sense would apply here, the Court would

13   expect it possible to marshal some evidence of the scores of putative class members after

14   the close of class-certification discovery. Plaintiffs have presented no such evidence, either

15   in their motion for class certification, or in reply to Defendants' charges that Plaintiffs

16   failed to offer any evidence in support of their numerosity argument.

17         Plaintiffs have not proven by a preponderance of the evidence that the putative class

18   size exceeds 7 members, much less the speculation that the putative class exceeds 200

19   members. Because Plaintiffs have not established numerosity, the Court need not address

20   the other Rule 23 requirements and will deny class certification. *Richards v. Del Webb*

21   *Communities, Inc.*, No. CV-11-368-PHX-SMM, 2012 WL 12792184, at *8 (D. Ariz. Sept.

22   5, 2012).

23         **IT IS ORDERED** that Plaintiffs' motion for class certification (Doc. 231) is

24   **DENIED**.

25         Dated this 25th day of April, 2023.

26

27

28                                                          _____
                                                            Douglas L. Rayes
                                                            United States District Judge

- 3 -