**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crossfirst Bank, et al., | No. CV-18-01637-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Vieste SPE LLC, et al., | |
| Defendants. | |

The Court previously granted summary judgment in favor of Defendants. (Doc. 395.) Defendants thereafter filed bills of costs collectively totaling $49,761.71. (Docs. 397, 399, 400.) Plaintiffs have not opposed those bills of costs, but they have appealed the Court's summary judgment ruling and request that the Court stay enforcement of any award of costs, without requiring a bond, pending the resolution of that appeal. (Doc. 415.) One set of Defendants—Lawson Financial Corporation, Robert Lawson, and Pamela Lawson—opposes the request. (Doc. 419.)

Plaintiffs' motion will be granted. The Court has "inherent discretionary authority in setting supersedeas bonds[.]" *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). This includes the authority to "waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989), *vacated en banc on other grounds*, 929 F.2d 1358 (9th Cir. 1990); *see also Windy Cove, Inc. v. Circle K Stores, Inc.*, Case No. 21-cv-1416-MMA-DEB, 2024 WL 4547361, at *1 (S.D. Cal. July

22, 2024). When determining whether to waive the posting of bond, the Court may consider several factors, including

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the [non-prevailing party's] ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the [non-prevailing party] is in such a precarious financial situation that the requirement to post a bond would place other creditors of the [non-prevailing party] in an insecure position.

*Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) (internal quotations and citations omitted); *see also DeMartini v. DeMartini*, No. 2:14-cv-02722-DJC-CKD, 2025 WL 1735390, at *6 (E.D. Cal. June 23, 2025).

Here, the Court finds waiver of the bond requirement justified because it is confident that Plaintiffs have the funds to pay the costs that have been itemized by Defendants, and because Plaintiffs' ability to pay is so plain that the cost of a bond would be a waste of money. Plaintiffs have offered uncontroverted evidence that CrossFirst Bankshares, Inc., the sole shareholder of CrossFirst Bank, reported total consolidated assets of $7.58 billion as of September 30, 2024, and that Minnesota Lawyers Mutual Insurance Company and ALPS Property & Casualty Insurance Company are regulated insurance companies with ample liquid assets to pay Defendants' itemized costs. (Docs. 415-1, 415-2, 415-3.) Under the circumstances, the Court can "say with certainty that allowing an unsecured stay will not jeopardize [Defendants'] recovery." *Safeco Ins. Co. of Am. v. Cnty. of San Bernardino*, Case No. EDCV 05-194-VAP(OPx), 2007 WL 9719254, at *3 (C.D. Cal. July 27, 2007) (internal quotation and citation omitted).

….
….
….
….
….

**IT IS ORDERED** that Plaintiffs' motion (Doc. 415) is **GRANTED**. Enforcement of any award of costs in this action shall be stayed pending resolution of Plaintiffs' appeal, without the posting of a supersedeas bond.

Dated this 23rd day of September, 2025.

Douglas L. Rayes
Senior United States District Judge