**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crossfirst Bank, et al., | No. CV-18-01637-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Vieste SPE LLC, et al., | |
| Defendants. | |

Before the Court is Defendants Lawson Financial Corporation, Robert Lawson, and Pamela Lawson's (collectively "Lawson") motion for an award of attorneys' fees. (Doc. 398.) Pursuant to 28 U.S.C. § 1927, Lawson seeks $228,162.50 in attorneys' fees as a sanction against Plaintiffs' counsel Jeff Goulder and Timothy Lauxman.[1] (*Id*. at 1.) The motion is fully briefed.[2] (Docs. 404, 409.) For the following reasons, Lawson's motion is denied.

## I.    Background

The parties are familiar with the underlying facts, which are detailed in the Court's November 13, 2024 order granting summary judgment in favor of Defendants (Doc. 395), and will not be repeated here. Plaintiffs appealed that ruling and the Court granted

---

[1] The Court previously accepted the parties' stipulation to withdraw the motion as to counsel Christopher Hack. (Docs. 416, 417.)

[2] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

Plaintiffs' request to stay enforcement of any award of costs, without requiring a bond, pending the resolution of that appeal. (Doc. 423.) The Court also deferred consideration of this motion for attorneys' fees. (Doc. 422.) The appeal has been resolved and the Court granted Lawson's request to reinstate the motion for attorneys' fees. (Doc. 426.)

**II.     Legal Standard**

Under 28 U.S.C. § 1927, lawyers who unreasonably and vexatiously multiply court proceedings may be assessed the excess costs, expenses, and attorneys' fees incurred as a result. Section 1927 authorizes only the assessment of excess costs, expenses, and fees incurred because of an attorney's unreasonable conduct; it does not authorize an award of the total costs of litigation. *See United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347–48 (9th Cir. 1985). To award fees under this section, the Court must find that the attorney acted in bad faith. *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). An attorney's bad faith is assessed under a subjective standard, and "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quotation and citation omitted). "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

**III.    Discussion**

Lawson argues that an award is warranted here because "Plaintiffs' counsel has needlessly multiplied the proceedings in a case in which *it knew* that its own key witnesses disavowed the very allegations on which Plaintiffs' claims were predicated." (Doc. 398 at 9 (emphasis in original.)) Lawson asserts that "Plaintiffs' counsel knew no later than November 7, 2022 that their allegations of 'review' and 'reliance' on the Official Statement were entirely false" because "[t]heir own 30(b)(6) designees disavowed those assertions." (*Id.*) Lawson contends that the "testimony of [counsel's] clients . . . undermined an essential and fundamental element of their claims." (*Id.* at 6.)

Specifically, Lawson argues that counsel knew Plaintiffs Minnesota Lawyers

Mutual Insurance Co. ("MLM"), and Alps Property Casualty Insurance Co. ("ALPS") had not relied on the Official Statement. (*Id.* at 3–5.) But this Court previously accepted that MLM and ALPS "delegated investment authority to their financial advisor, Sit Investments ("Sit"), and Sit made the ultimate purchasing decision." (Doc. 395 at 3.) Thus, Plaintiffs had to show that someone at Sit, not at MLM or ALPS, relied on the Official Statement. (*Id.*) Lawson then emphasizes that Paul Jungquist, who had the decision-making authority for Sit, testified at his deposition that he did not personally read the Official Statement. (Doc. 398 at 5–6.) But he also testified that he discussed the decision with an analyst, Erik Nelmark, who had read the Official Statement even if Jungquist could not confirm or identify the exact portions that Nelmark read. Thus, counsel had some basis to argue for reliance.

Next, Lawson argues that counsel knew Plaintiff Crossfirst had not relied on the Official Statement. (*Id.* at 5.) Lawson emphasizes that David O'Toole, Crossfirst's Rule 30(b)(6) designee, could not "identify" any false statement that he relied on. (*Id.*; Doc. 398-3 at 3.) There is a difference, however, between O'Toole's inability during a deposition to identify a portion of the Official Statement he relied upon and a wholesale disavowal that he relied on the Official Statement. O'Toole's deposition testimony constitutes the former. O'Toole's deposition, which Lawson attached, confirms that he read and reviewed the Official Statement, even if only for 1 hour and 13 minutes. (Doc. 398-3 at 6.)

Based on the evidence, Lawson's assertion that "not a single Plaintiff had ever read, reviewed, or relied upon the Official Statement" (Doc. 398 at 1) is hyperbolic. Ultimately, Defendants were entitled to summary judgment because Plaintiffs' evidence to demonstrate reliance was not sufficient to create a genuine dispute of material fact. Plaintiffs , however, had a reasonable basis to argue for reliance. Simply because Plaintiffs' evidence was insufficient to defeat summary judgment does not mean the evidence was so lacking as to warrant sanctions.

Having carefully considered the parties' arguments and reflected on the history of this case, the Court declines to sanction Goulder and Lauxman under § 1927 because

- 3 -

Lawson has not established that counsel knowingly or recklessly raised a frivolous argument and thus has not established counsel acted in subjective bad faith. The claims Plaintiffs brought, though ultimately unsuccessful, were not so lacking in legal or factual foundation as to permit an inference that counsel pursued them for purposes of unreasonably and vexatiously multiplying court proceedings rather than to vindicate their clients' asserted rights. Accordingly,

**IT IS ORDERED** that Lawson's motion (Doc. 398) is **DENIED**.

Dated this 2nd day of June, 2026.

Douglas L. Rayes
Senior United States District Judge